UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| GLENDON LAMAR PLEMONS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:09-CV-301 |
| | ) | | (VARLAN/GUYTON) |
| EVERETT L. HIXSON, JR., Substitute Trustee, | ) | | |
| RUBIN LUBLIN, LLC, Trustee/Agent, and | ) | | |
| BAC HOME LOANS SERVICING L.P., | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on Defendant BAC Home Loans Servicing L.P.'s ("BAC's") Motion and Memorandum for More Definite Statement [Doc. 3]. Plaintiff Glendon Lamar Plemons, proceeding *pro se*, has filed no response to this motion, and the time for doing so has now passed. *See* L.R. E.D. TN 7.1(a), 7.2. The motion is now ripe for this Court's consideration.

**I. Background**

On June 5, 2009, Mr. Plemons filed an Affidavit of Quiet Title Petition to Set Aside and Void Foreclosure Claim, Cancel Note and Mortgage, Claim in Recoupment, Quiet Title, and for Declaratory and Injunctive Relief (the "Petition") in the Blount County Chancery Court [Doc. 1-1]. Interpreting several of Mr. Plemons's claims as arising under the federal Truth in Lending Act, the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), and other federal statutes, BAC removed this case to federal court pursuant to 28

U.S.C §§ 1331, 1441(b), and 1446(b) [Doc. 1]. BAC then filed its motion and memorandum for more definite statement, arguing that "the initial pleading filed by [Mr. Plemons] in this case fails to specify the legal causes of action he asserts against BAC," and that "the factual allegations are so vague as to make a reasonable determination of his claims against BAC [impossible]" [Doc. 3].

The Court has carefully considered the motion for more definite statement and the underlying pleading in light of the applicable law. For the reasons that follow, BAC's motion will be granted.

## II.    Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Rule 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* A pleading "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984).

2

As noted, Mr. Plemons has elected to proceed *pro se* in this matter. "[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The "lenient treatment generally accorded to *pro se* litigants has limits," however. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither this Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Liberal federal pleading standards do not permit litigants–even those acting *pro se*–to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. United States Attorney*, No. 96-1706, 1997 WL 211247, at *1 (6th Cir. Apr. 28, 1997) (upholding district court's dismissal of *pro se* complaint whose allegations were "far too muddled to serve as a basis for a proper suit").

**III. Analysis**

Mr. Plemons's Petition does not meet the standard required under Federal Rule of Civil Procedure 8. The Petition opens by giving notice of Mr. Plemons's "complaints of injured party, involuntary servitude and peonage, due to wanton and malicious acts and threats, duress, coercion and fraud, by and through promulgating counterfeit securities,"

allegedly "in violation of the laws of the forum in Tennessee Republic, United States of America and the Law of Nations" [Doc. 1-1]. After setting forth various bases for jurisdiction, standing, and venue, and identifying the parties to the action, Mr. Plemons proceeds to a discussion of the facts giving rise to his action [*Id.*, ¶¶ 1-12]. This section consists principally of references to real property, mortgages, promissory notes, federal reserve notes, and authorized agents, interspersed with allegations of fraud, failures to produce, counterfeiting of securities, and violations of the Uniform Commercial Code [*Id.*, ¶¶ 9-12].

Mr. Plemons next offers "background facts," explaining at length how the federal government's borrowing of thirty-three million federal reserve notes during the New Deal rendered the United States bankrupt, and fundamentally altered the nature of "currency" in circulation thereafter [*Id.*, ¶¶ 15-23]. Mr. Plemons asks this Court to answer a panoply of questions related to how this purported monetary transformation has affected both his property and contract rights under Tennessee law, and these rights generally [*Id.*, ¶¶ 20-23]. He requests that the Court set aside the foreclosure claim allegedly asserted against him, and brings claims for failure of consideration, usury, breach of contract, ultra vires actions, contractual indefiniteness, unconscionability, fraud, cancellation, wrongful disposition of trust property, RICO violations, and criminal wrongdoing [*Id.*, ¶¶ 24-73]. Mr. Plemons

4

concludes with requests for relief that range from the issuance of quiet title to a declaration that the practice of "fractional reserve banking" is unlawful [*Id.*, ¶¶ 74-95].[1]

BAC has moved for a more definite statement under Federal Rule of Civil Procedure 12(e). Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion must "point out the defects complained of and the details desired." *Id.* In support of this motion, BAC argues that, beyond the "general assumption" that Mr. Plemons "appears to dispute issues related to BAC's servicing of his home loan," "it is impossible to understand the nature of the claims asserted" [Doc. 3]. BAC requests that this Court instruct Mr. Plemons to "provide clarity specifically as to: (1) precisely what is the alleged wrongful conduct, (2) what is the precise legal claim sought to be asserted, and (3) factual details regarding all of the above" [*Id.*].

After a careful review of Mr. Plemons's Petition, this Court agrees with BAC that the Petition does not satisfy the requirements of Federal Rule of Civil Procedure 8. The "vague and ambiguous" nature of these pleadings in their present form denies BAC the opportunity

---

[1] In addition to the Petition, Mr. Plemons also served BAC with copies of a "Motion for Findings of Fact and Conclusions of Law" filed by Mr. Plemons in Blount County Chancery Court; an "Affidavit of RESPA Request"; a "Commercial Affidavit of Truth and Notice to Public Regarding The One who goes by: Glendon-Lamar: Plemons"; a "Notice of International Commercial Claim in Admiralty Administrative Remedy"; a "Notice of Rescission and Exercised Claim to Property Right"; a "Notice by Affidavit of Rescission"; and an "Affidavit of Default Judgment" [Doc. 1-1]. The Court treats these documents, which consist of 49 single-spaced pages, as attachments to Mr. Plemons's complaint.

to construct a meaningful responsive pleading. Accordingly, this Court will instruct Mr. Plemons to file a complaint that satisfies federal pleading requirements. Such a complaint need only provide a short and plain statement of the grounds for the court's jurisdiction; a short and plain statement of each claim entitling Mr. Plemons to relief; and a demand for the relief sought. *See* Fed. R. Civ. P. 8. These claims, of course, must be legally cognizable to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**IV. Conclusion**

For the reasons above, BAC's Motion and Memorandum for More Definite Statement [Doc. 3] is hereby **GRANTED**. Mr. Plemons is **DIRECTED** to file an amended Petition, in compliance with the instructions set forth above, within twenty (20) days of entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE