UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GLENDON LAMAR PLEMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:09-CV-301 |
| ) | (VARLAN/GUYTON) |
| EVERETT L. HIXSON, JR., substitute trustee, ) | |
| RUBIN LUBLIN, LLC, trustee/agent, and ) | |
| BAC HOME LOANS SERVICING L.P., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiff Glendon Lamar Plemons's Motion for Findings of Facts and Conclusions of Law [Doc. 1-3]. None of the defendants have filed a response to the motion, and the time for doing so has now passed. *See* E.D.TN. LR 7.1(a), 7.2. This motion is now ripe for the Court's consideration.

On June 5, 2009, Mr. Plemons filed an Affidavit of Quiet Title Petition to Set Aside and Void Foreclosure Claim, Cancel Note and Mortgage, Claim in Recoupment, Quiet Title, and for Declaratory and Injunctive Relief (the "petition") in the Blount County Chancery Court [Doc. 1-1]. Interpreting several of Mr. Plemons's claims as arising under the federal Truth in Lending Act, the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), and other federal statutes, defendant BAC Home Loans Servicing L.P. ("BAC") removed this case to federal court pursuant to 28 U.S.C §§ 1331, 1441(b), and 1446(b) [Doc. 1].

A brief description of Mr. Plemons's petition is required. The petition opens by giving notice of Mr. Plemons's "complaints of injured party, involuntary servitude and peonage, due to wanton and malicious acts and threats, duress, coercion and fraud, by and through promulgating counterfeit securities," allegedly "in violation of the laws of the forum in Tennessee Republic, United States of America and the Law of Nations" [Doc. 1-1]. After setting forth various bases for jurisdiction, standing, and venue, and identifying the parties to the action, Mr. Plemons proceeds to a discussion of the facts giving rise to his action [*Id.*, ¶¶ 1-12]. This section consists principally of references to real property, mortgages, promissory notes, federal reserve notes, and authorized agents, interspersed with allegations of fraud, failures to produce, counterfeiting of securities, and violations of the Uniform Commercial Code [*Id.*, ¶¶ 9-12].

Mr. Plemons next offers "background facts," explaining at length how the federal government's borrowing of thirty-three million federal reserve notes during the New Deal rendered the United States bankrupt, and fundamentally altered the nature of "currency" in circulation thereafter [*Id.*, ¶¶ 15-23]. Mr. Plemons asks this Court to answer a panoply of questions related to how this purported monetary transformation has affected both his property and contract rights under Tennessee law, and these rights generally [*Id.*, ¶¶ 20-23]. He requests that the Court set aside the foreclosure claim allegedly asserted against him, and brings claims for failure of consideration, usury, breach of contract, ultra vires actions, contractual indefiniteness, unconscionability, fraud, cancellation, wrongful disposition of trust property, RICO violations, and criminal wrongdoing [*Id.*, ¶¶ 24-73]. Mr. Plemons

concludes with requests for relief that range from the issuance of quiet title to a declaration that the practice of "fractional reserve banking" is unlawful [*Id.*, ¶¶ 74-95].

On July 15, 2009, BAC filed a motion for more definite statement, arguing that "the initial pleading filed by [Mr. Plemons] in this case fails to specify the legal causes of action he asserts against BAC," and that "the factual allegations are so vague as to make a reasonable determination of his claims against BAC [impossible]" [Doc. 3]. This Court granted BAC's motion for more definite statement on December 2, 2009, and directed Mr. Plemons to file an amended pleading within twenty days setting forth a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of each claim entitling Mr. Plemons to relief, and a demand for the relief sought [Doc. 4]. The Court informed Mr. Plemons that the claims in his amended pleading must be legally cognizable in order to withstand a motion to dismiss [*Id.*]. A copy of this order was mailed to Mr. Plemons [*Id.*].

More than twenty days have elapsed since entry of the order granting BAC's motion for more definite statement, and Mr. Plemons has failed to amend his pleadings. Mr. Plemons has thus failed to state a claim upon which relief may be granted. Accordingly, this case will be **DISMISSED**. The Court need not reach the arguments set forth in Mr. Plemons's Motion for Findings of Facts and Conclusions of Law [Doc. 1-3]. That motion will be **DENIED as moot**. The clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE